| DISTRICT COURT, COUNTY OF ADAMS, STATE OF COLORADO<br>1100 Judicial Center Dr.<br>Brighton, CO 80601 | DATE FILED: December 20, 2021 8:38 AM<br>FILING ID: B994A4FF81134<br>CASE NUMBER: 2021CV31407 |
|---|---|
| **Plaintiff(s): CHARLES YORK JR.**<br><br>v.<br><br>**Defendant(s): CIRCLE K STORES INC. and CST METRO LLC** | σ**COURT USE ONLY**σ<br><br>Case Number: |
| *Attorneys for Plaintiff*<br><br>**FLESCH & BECK LAW**<br>Kevin Flesch, #27278<br>333 W. Hampden Avenue, Suite 710<br>Englewood, CO 80110-2335<br>Phone: (303) 806-8886<br>Fax: (303) 806-8882<br>Email: kevinflesch@fleschlawfirm.com | Division: |
| **COMPLAINT AND JURY DEMAND** ||

**COMES NOW** the Plaintiff, Charles York Jr. (hereafter "Plaintiff") by and through his undersigned counsel, Kevin Flesch of Flesch & Beck Law, for his complaint against Circle K Stores Inc. and CST Metro LLC (hereafter "Defendants"), and in support states and alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Colorado Premises Liability Act and the Defendants' negligent conduct.

### JURISDICTION AND VENUE

2. Plaintiff hereby incorporates by reference all allegations contained in paragraph 1 above as though fully set forth herein.

3. At all times, relevant hereto, Plaintiff was a resident of Colorado.

1

EXHIBIT A

4. Upon information and belief, the Defendant, Circle K Stores Inc. is a foreign corporation principally located at 1130 W Warner Rd, Building B, Tempe, AZ 85284.

5. Upon information and belief, the Defendant, CST Metro LLC is a foreign limited liability company principally located at 19500 Bulverde Road, San Antonio, TX 78259.

6. This court has jurisdiction over this action as pursuant to C.R.S. § 13-1-124.

7. Venue is proper under C.R.C.P. 98(c) because the venue where the incident occurred is in Adams County, State of Colorado.

## GENERAL ALLEGATIONS

8. Plaintiff hereby incorporates by reference all allegations contained in paragraph 1-7 above as though fully set forth herein.

9. On December 28, 2019, at approximately 5:02 p.m., Mr. York and his wife were walking on the side of Circle K convenience store at or near 8801 Washington St, Thornton, CO 80229.

10. While walking his left foot came out from under him due to ice that had accumulated in front of the business.

11. A manager or worker came out of store and asked if Mr. York was ok. Mr. York said that he was not and that he was in pain. She then just turned around and walked back into the store. She did not offer to write a report, help him, or take any photos.

12. Mr. York's wife then supported him to the side of the building where he could steady himself, and then they called an Uber to take them home.

13. Immediately following the accident, Mr. York felt pain to his low, mid, and upper back, headaches, and left leg pain.

14. Upon information and belief, no measures were taken to ensure that the property was clear of ice and snow.

15. Upon information and belief, no warning signs or other caution signs were present at the location of the fall.

16. Upon information and belief, no ice melt or salt was placed down on the ground prior to the incident.

17. Plaintiff felt immediate pain because of the incident and sustained serious injuries.

18. Plaintiff's injuries were the direct and proximate result of the negligence and carelessness of the Defendants and its agents/employees.

19. At all times relevant to Plaintiff's claim, Defendants were in possession of the property, were legally responsible for the activities conducted or circumstances existing on said property and were therefore each a "landowner" as defined in C.R.S. § 13-21-115(1).

20. Plaintiff was a patron of the business and was therefore an "invitee".

21. Plaintiff has incurred substantial medical costs for treatment due to the incident. The Plaintiff continues to suffer serious and ongoing pain from the incident.

22. Plaintiff anticipates needing additional medical care in the future resulting from the fall.

## FIRST CLAIM FOR RELIEF
**(Negligence Pursuant to Premises Liability against both Defendants)**

23. Plaintiff incorporates herein all allegations contained in paragraphs 1-22 by reference.

24. Defendants as the landowners and maintainers of the property were legally responsible for the activities conducted or circumstances existing on the property.

25. Defendants had a legal duty to Plaintiff to be aware of the conditions and circumstances that existed on the property and to ensure that the property was safe for tenants.

26. Defendants acted carelessly and negligently by not maintaining and managing the property, to include the proper mitigation and removal of snow and ice and for failing to warn of these dangers that existed on the property.

27. Defendants knew or should have known of the danger at the property and that injury would result if left unmaintained.

28. Defendants failed to use reasonable care to protect against the dangers on the property.

29. Defendant's negligence was the direct and proximate cause of Plaintiff's injuries.

30. Plaintiff has sustained continuing physical and emotional injuries and substantial medical costs related to her injuries resulting from the Defendants' actions or inaction.

31. As a direct and proximate result of the negligent and tortuous conduct of the Defendants, Plaintiff suffered injuries and damages, from the accident, as follows:

    a. Cost for medical treatment, past and future.

    b. Mental anguish and duress during and after the accident.

    c. Physical pain and suffering during and after the accident.

    d. Loss of enjoyment of life.

    e. Attorney fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays the Court as follows:

A. That this Court enter a judgment against the Defendants concerning all claims for relief contained herein, and for the Plaintiff in an amount to be determined at trial.

B. Damages caused by the accident to include, but not limited to past and future medical costs for treatment, mental anguish and duress during and after the accident, physical pain and suffering during and after the accident and loss of enjoyment of life.

C. That Plaintiff be awarded costs, expert witness fees, reasonable attorney's fees, pre- and post-judgment interest, and other appropriate and necessary costs of maintaining this action.

D. Any further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6)
ON ALL ISSUES RAISED IN THE PLEADINGS**

Respectfully submitted this 20th day of December 2021.

**FLESCH & BECK LAW**

*This document was e-filed pursuant to C.R.C.P. 121. A duly executed original of this document is on file at Flesch & Beck Law and is available upon request.*

*/s/ Kevin Flesch*

_____
Kevin Flesch, #27278
Attorney for Plaintiff


Plaintiff's Address:

101 E 88th Ave., Apt. 107E
Thornton, CO 80229

5